JANVIER, Judge.
Shortly after dusk, on the evening of October 17, 1948, there was a collision between two motor vehicles in the intersection of Banks and South Lopez Streets, in New Orleans, and one of the vehicles, owned and operated by Anthony V. Moreci, after the impact, crossed the sidewalk of Banks Street, partially demolished a wooden fence alongside the property of the plaintiff and crashed into the house of plaintiff which was situated some 40 or 50 feet from the corner, doing considerable damage to the house and some damage to its contents.
The plaintiff, owner of the house, Mrs. Hilda Lee Patrick, brought this suit against Anthony V. Moreci, the owner and operator of one of the cars, and against William Bryant, the owner of the truck, which admittedly was being operated by an employee of Bryant in the course of his employment.
Plaintiff prayed for solidary judgment against the two defendants in the sum of $1,715.
In her original petition plaintiff made no specific charge of negligence against the operator of either car, but, relying upon the doctrine of res ipsa loquitur, assumed that, under the circumstances, the burden would be upon the two defendants to show how the accident occurred.
On exceptions of vagueness and of no cause of action, the district judge ruled that, because there were two defendants, the doctrine of res ipsa loquitur was not applicable and that plaintiff must amend her petition and charge specific acts of negligence. Plaintiff then filed an amended petition in which she alleged that the drivers of the two vehicles were negligent in operating the respective vehicles in. violation of “the rules of ordinary caution,” and at a speed “in excess of that provided for by the Traffic Ordinances of the City of New Orleans” ; in not keeping a proper lookout for approaching traffic; in “failing to stop their respective cars before entering the intersection,” and in failing to observe the requirements of the Traffic Ordinances of the City of New Orleans with respect to the right of way.
Both defendants answered, admitted the occurrence of the accident and each charged that the driver of the other vehicle was solely at fault.
One of the defendants, Anthony V. Mo-reci, by what he termed a reconventional *748 demand, prayed for judgment against the other defendant in the sum of $2,785 for physical injuries, damages to his automobile, etc. This demand was dismissed on motion by the other defendant, Bryant, on the ground that where two defendants are sued solidarily one may not reconvene against the other.
There was judgment in favor of plaintiff solidarily against the two defendants for $1,022.50, and both defendants have appealed.
The record shows that the large truck of defendant Bryant, operated by his employee, Albert Fleming, was on its way out Banks Street in the direction from the river towards the Lake, and that the Buick automobile, owned and driven by Moreci, was on its way down South Lopez Street, and that after the said Buick had crossed the upper roadway and the width of the neutral ground of Banks Street, the collision occurred in the intersection of the lower side of Banks Street and South Lopez Street. The truck of defendant Bryant swerved to its right into South Lopez Street and came to a stop within a few feet, but the Buick of the defendant Moreci swerved to its left and, after the impact, proceeded a distance of from 50 to 60 feet, mounted the sidewalk and crossed it, demolished a part of the wooden fence and did considerable damage to the side of the building owned by the plaintiff.
Unfortunately Moreci himself could not testify since, on a certificate of his physician, it was shown that his mental condition at that time did not permit of his appearing in court. Mrs. Moreci testified that she had been sitting alongside Moreci, to his right, and that he had stopped at the stop sign on the upper corner of the intersection before entering it, and that when she looked to her right she saw the truck approaching about half a block away. A little later she said that when she looked, the car in which she was a passenger, that is the Moreci car, was “going over the neutral ground.”
Fleming, the driver of the Buick truck, says that he approached the intersection at a speed of between 20 and 25 miles an hour and in this he is corroborated by another employee of Bryant who was sitting on the seat of the truck alongside Fleming. Fleming says that when he reached a point about 25 feet from the intersection, he saw the Moreci car enter the far side of Banks Street at a high speed and without stopping for the stop sign, and that he attempted to swerve the truck to the right and to bring it to a stop but that before he could do so the Moreci Buick had crashed into the left front wheel of the truck and had continued at high speed, swerving to its left and into the residence of plaintiff.
The photographs which are in evidence and the physical facts indicate that, without any possible doubt, Moreci entered and attempted to cross the intersection at a speed much in excess of that permitted by the dictates of prudence, and that it crashed into the left front of the truck. The fact that it crashed into the truck is made evident by the damage which was sustained by the truck, which was to its left front wheel, and further by the fact that, after the accident, there were found on the front grill and front headlight of the Moreci car particles of yellow paint which were identified as having come from the truck of Bryant.
We repeat that we have no doubt whatever of the negligence of Moreci. The only serious question is whether or not the driver of the Bryant truck was also at fault, and we find nothing in this record to indicate that he was.
 Banks Street is a double driveway neutral ground street. Under the Traffic Ordinance of the City of New Orleans, No. 13702, the Bryant truck was entitled to the right of way. In addition thereto1, a “stop” sign faced Moreci as he reached the intersection and he should have stopped before entering it. This he did not do1.The Bryant truck was obviously operated at a reasonable speed, and it was brought to a stop immediately after the accident and after its driver had done all that he could to avert the collision. Our conclusion is that the record does not justify a holding that the driver of that truck was at fault. The record convinces us that the sole cause of the accident was the carelessness of the driver of the Moreci car in *749 entering the intersection at 'high speed and without stopping.
Fleming’s statement as to how the accident occurred is picturesque and we think accurate. Referring to Mr. Moreci, he says: “ * * * when I saw him, man! he hit me.”
He also says: “He didn’t stop for the stop sign and ran into me, that is all I •could see.”
The record shows that the repairs to plaintiff’s residence cost $690. Although ■originally plaintiff claimed $275 as the value of certain vases, it has been stipulated that the value of the said vases for the purposes of this suit is $82.50. In addition thereto, plaintiff claimed $750 for shock, mental and nervous suffering and anguish and for “the months of general upset and inconvenience ■caused by the loss of the use of the front part of her property.” On this item she was allowed $250. We think the record justifies the amounts awarded, which total .$1,022.50.
After the judgment had been rendered against Mr. Moreci, he died leaving a wife, Mrs. Annette Thomsen Moreci, and four children, — Vincent J. Moreci, Mrs. Marguerite Moreci, wife of Alber P. Villa, Miss Anna Moreci, and Mrs. Henrietta Moreci, wife of Alex Johnson, who have, in this Court, filed a motion asking that they may be made parties defendant. On this motion, with the consent of the plaintiff, we have signed an order making the said widow and heirs parties defendant. Accordingly, because of the effect of Article 120 of our Code of Practice, the judgment must run against the said parties, each for his or her virile portion, since there is nothing in this record or elsewhere, so far as we know, to show how each shared in the estate left by the deceased original defendant, Anthony V. Moreci.
It is therefore ordered, adjudged and •decreed that the judgment insofar as it runs against the defendant, William Bryant, is reversed and plaintiff’s suit as to him is dismissed at her cost.
It is further ordered, adjudged and decreed that the judgment insofar as it runs against Anthony V. Moreci be and it is amended so as to run against Mrs. Annette Thomsen Moreci, Vincent J. Moreci, Mrs. Marguerite Moreci, wife of Alber P. Villa, Miss Anna Moreci, and Mrs. Henrietta Moreci, wife of Alex Johnson, each for his or her virile portion. In all other respects the judgment is affirmed, all at the cost of defendants, Mrs. Annette Thomsen Moreci, Vincent J. Moreci, Mrs. Marguerite Moreci, wife of Alber P. Villa, Miss Anna Moreci, and Mrs. Henrietta Moreci, wife of Alex Johnson.
Reversed in part amended and affirmed.